# EXHIBIT H



DISH Network L.L.C.
9601 S. Meridian Boulevard
Englewood, CO 80155-6663
303.723.1000

Joseph F. Edell
Corporate Counsel, IP
Direct Dial 202.463.3719
joseph.edell@dish.com

March 17, 2023

Via e-mail: anthony.penhale@mindgeek.com

Anthony Penhale
Chief Legal Officer
MindGeek Montréal
7777 Boulevard Decarie, Suite 600,
Montreal, Quebec H4P 2H2, Canada

Re: Licensing Opportunity, U.S. Patent No. 10,757,156 *et al.*

Dear Mr. Penhale:

DISH owns a portfolio of patent assets directed to adjustable bit-rate video streaming technology. For example, U.S. Patent No. 10,757,156 (copy enclosed) claims apparatuses and methods for transmitting video content by providing a content player access to multiple copies of the same video divided into segments, with each differing copy of the video encoded at differing bit rates. The content player obtains segments from the multiple copies to playback the entire video. This technology is used at least in adaptive bit-rate streaming standards, such as HTTP Live Streaming ("HLS") and MPEG-DASH.

DISH has analyzed the streaming technology that MindGeek uses for providing content to its customers. This technology appears to be covered by, for example, claim 1 of the '156 Patent. For those reasons, it appears that MindGeek would benefit from a license to the '156 Patent and other DISH patents in this portfolio, including the enclosed list of U.S. and international patents and patent applications.

On September 9, 2022, the Chief Judge of the International Trade Commission issued a decision finding that products being imported into the U.S. are infringing the '156 Patent and other patents in this portfolio. Upon review of that decision, on March 8, 2023, the Commission determined that the appropriate form of relief is to issue a limited exclusion order and cease and desist orders against iFit (NordicTrack) and Peloton. We encourage you to review those materials, which are enclosed, because the Commission found that products using HLS and/or MPEG-DASH infringe certain claims of those patents. Further, the Commission found that those



Page 2

claims are not invalid or unenforceable on anticipation, obviousness, ineligible subject matter, indefiniteness, inventorship, or inequitable conduct grounds.

We invite MindGeek to take a license to this portfolio. After you have a chance to review the enclosed materials, please contact me to discuss the possibility of a license. We are open to entering into an NDA to discuss this proposal. We look forward to hearing from you.

Sincerely,

Joseph Edell

Enc.