# EXHIBIT L

VENABLE LLP
William Andrew Hector (SBN 298490)
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: 415-653-3750
Facsimile: 415-653-3755
Email: wahector@venable.com

Frank M. Gasparo (*Pro Hac Vice forthcoming*)
Ralph A. Dengler (*Pro Hac Vice forthcoming*)
Ian G. Paquette (*Pro Hac Vice forthcoming*)
Parker G. Zimmerman (*Pro Hac Vice forthcoming*)

151 West 42nd Street, 49th Fl.
New York, NY 10036
Telephone: 212-307-5500
Facsimile: 212-307-5598
Email: fmgasparo@venable.com
       radengler@venable.com
       igpaquette@venable.com
       pgzimmerman@venable.com

*Attorneys for Plaintiff MG Freesites Ltd*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MG FREESITES LTD,<br><br>                Plaintiff,<br><br>     v.<br><br>DISH TECHNOLOGIES L.L.C. and<br>SLING TV L.L.C.<br><br>                Defendants. | Case No. 3:23-cv-03674<br><br>**COMPLAINT FOR DECLARATORY**<br>**JUDGMENT OF NON-INFRINGEMENT** |

Plaintiff MG Freesites Ltd ("MG Freesites") for its Complaint for Declaratory Judgment of Non-Infringement against DISH Technologies L.L.C. and Sling TV L.L.C. (collectively "Defendants") by and through its attorneys, alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of noninfringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and for other relief the Court deems just and proper.

2. This Declaratory Judgment action seeks a determination that the Pornhub streaming service, http://www.pornhub.com (the "Accused Website"), does not infringe and has not infringed, either directly or indirectly (literally or under the doctrine of equivalents), under 35 U.S.C. § 271 (or any sub-section thereof) at least:

- Claim 10 of United States Patent No. 10,469,555 ("the '555 Patent") (Exhibit 1);
- Claim 1 of United States Patent No. 10,757,156 ("the '156 Patent") (Exhibit 2); and
- Claim 14 of United States Patent No. 11,470,138 ("the '138 Patent") (Exhibit 3).

(collectively "the Asserted Patents").

3. MG Freesites respectfully requests this relief because on July 7, 2023, DISH Network L.L.C. ("DISH Network") sent MG Freesites a communication accusing the Accused Website, or the "Pornhub Application," of infringing at least the above claims. This communication attached three claim charts and stated, "Please find attached exemplary claim charts showing how three of DISH's ABR patents read on MindGeek's streaming services." Exhibit 4. The attached claim charts purport to show that the Accused Website infringes claim 10 of the '555 Patent, claim 1 of the '156 Patent, and claim 14 of the '138 Patent.

**PARTIES**

4. MG Freesites is a private limited company organized and existing under the laws of the Republic of Cyprus, with a place of business located at 195-197 Old Nicosia-Limassol Road, Block 1 Dali Industrial Zone, Cyprus 2540.

5. MG Freesites operates the Accused Website.

6. Upon information and belief, DISH Technologies L.L.C. f/k/a EchoStar Technologies L.L.C. ("DISH Technologies") is a limited liability company organized and existing under the laws of the State of Colorado, with a place of business at 9601 South Meridian Blvd, Englewood, CO 80112.

7. DISH Technologies purports to be the sole owner of at least the '555 Patent and the '156 Patent. *See DISH Technologies L.L.C v. ICON Health & Fitness, Inc*., No. 1-21-cv-00531, D.I. 1, at 3-4 (D. Del.). Additionally, DISH Technologies is listed as the assignee of the '138 Patent on the patent's front page. Exhibit 3 at 1. Lastly, the assignment records at the United States Patent

and Trademark Office show that the Asserted Patents are allegedly assigned to DISH Technologies. Exhibit 5.

8. Upon information and belief, Sling TV L.L.C. ("Sling TV") is a limited liability company organized and existing under the laws of the state of Colorado, with a place of business at 9601 South Meridian Blvd, Englewood, CO 80112. *See DISH Technologies L.L.C v. ICON Health & Fitness, Inc.*, No. 1-21-cv-00531, D.I. 1, at 1 (D. Del.).

9. Sling TV purportedly is the exclusive licensee of at least the '555 Patent and the '156 Patent. *Id.* at 3-4.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over this action, which arises under the Patent Laws of the United States (35 U.S.C. § 1, *et seq.*), under 28 U.S.C. §§ 1331 and 1338(a) and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based on an immediate definite and concrete, real and substantial, justiciable controversy between MG Freesites and Defendants for declaratory judgment of noninfringement of the Asserted Patents.

11. This Court has personal jurisdiction over Defendants pursuant to the laws of the State of California, including California's long-arm statute (California Code of Civil Procedure § 410.10).

12. Specifically, Defendants have purposefully availed themselves of the privilege of conducting activities within this State by filing a patent infringement lawsuit against Jadoo TV, Inc. ("Jadoo"), a California corporation, in this District, asserting that Jadoo infringed related patents that share the same specifications as the Asserted Patents, namely: United States Patent Nos. 7,818,444; 8,402,156; 9,071,668; and 9,407,564). *See DISH Technologies L.L.C. and Sling TV L.L.C. v. Jadoo TV, Inc.*, No. 5:18-cv-05214-EJD, D.I. 1, ¶¶ 7-12, 26-139 (NDCA) ("Jadoo Litigation").

13. This lawsuit was later dismissed pursuant to a Consent Judgment and Stipulation Injunction Pursuant to Stipulation of the Parties on May 28, 2021. *Id.*, D.I. 97.

14. Thus, Defendants have purposefully directed their enforcement activity in the Northern District of California against a California corporation by asserting the related patents against Jadoo in the Northern District of California, then located at "5880 West Las Positas Boulevard Suite 37,

-3-

1   Pleasanton, California 94588." *DISH Technologies L.L.C. and Sling TV L.L.C. v. Jadoo TV, Inc.*,
2   No. 5:18-cv-05214-EJD, D.I. 1, ¶3 (N.D. Cal.). Upon information and belief, Jadoo now resides
3   at a different address in the Northern District of California.

4   15. By filing the Jadoo Litigation in this District, Defendants have purposefully availed
5   themselves of the benefits and protections of California's laws such that they should reasonably
6   anticipate being haled into court in this District.

7   16. This Complaint for Declaratory Judgement thus arises out of the Defendants' activities
8   in the State of California enforcing patents, including patents in the same family as the Asserted
9   Patents.

10  17. Defendants have also purposefully availed themselves of the protections of the State of
11  California by negotiating a resolution of the Jadoo Litigation with a then (and now) California
12  resident Jadoo and entering into a Consent Judgment and Stipulation Injunction Pursuant to
13  Stipulation of the Parties on May 28, 2021. *Id*., D.I. 97.

14  18. For instance, Defendants agreed that, "This Court has and shall retain personal
15  jurisdiction over the Parties with respect to the above captioned matter, subject matter jurisdiction
16  of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and jurisdiction to enforce this Consent
17  Judgment." *Id*., ¶1.

18  19. Additionally, Defendants retained at least one Baker Botts L.L.P. attorney located in this
19  District for the Jadoo Litigation. *Id*., 1.

20  20. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c).

21  21. Venue for purposes of a declaratory-judgment action regarding noninfringement of a
22  patent does not fall under § 1400(b), but instead falls under the general venue provisions of 28
23  U.S.C. § 1391.

24  22. Under 28 U.S.C. § 1391(b)(1), venue is proper in any judicial district where a defendant
25  resides. A corporate defendant "reside[s] . . . in any judicial district in which such defendant is
26  subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* §
27  1391(c)(2).

28  23. Because Defendants are subject to the personal jurisdiction of the Northern District of

-4-

Case No 3:23-cv-03674                                    COMPLAINT FOR DECLARATORY JUDGMENT

1  California for this action as discussed above, Defendants are deemed to reside in the Northern
2  District of California under 28 U.S.C. § 1391(c)(2) for purposes of venue.

3  24. Defendants also admitted venue was proper in the Jadoo Litigation, specifically in the
4  Consent Judgment and Stipulation Injunction Pursuant to Stipulation of the Parties on May 28,
5  2021. *Id.*, D.I. 97, ¶2 ("Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and
6  1400(b)").

7  25. Thus, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

## FACTUAL BACKGROUND

Initial Correspondence

26. On March 17, 2023, DISH Network's counsel sent to "MindGeek Montreal" a letter stating that "DISH owns a portfolio of patent assets directed to adjustable bit-rate video streaming technology," as well as contending that MindGeek's technology "appears to be covered by, for example, claim 1 of the '156 Patent" and "MindGeek would benefit from a license to the '156 Patent and other DISH patents in this portfolio . . . ." Exhibit 6.

27. In the March 17 letter, DISH Network directed MindGeek to a recent ITC investigation "finding that products being imported into the U.S. are infringing the '156 Patent and other patents in this portfolio." *Id.*

28. On April 13, 2023, counsel for MG Freesites responded to DISH Network's that "We are reviewing DISH's letter, and the allegations therein, and will be in touch." Exhibit 7.

Infringement Allegations

29. On July 7, 2023, DISH Network sent counsel for MG Freesites an email stating, "I write to follow-up regarding the potential licensing of DISH's ABR patent portfolio. Please find attached exemplary **claim charts showing how three of DISH's ABR patents read on MindGeek's streaming services**. Are you available next week to discuss terms for a license to DISH's portfolio?" Exhibit 4 (emphasis added).

30. The DISH claim charts purport to show that the Accused Website infringes claim 10 of '555 Patent, claim 1 of the '156 Patent, and claim 14 of the '138 Patent.

31. Despite the general references to "DISH" in the letters and claim charts, on information

-5-

Case No 3:23-cv-03674  COMPLAINT FOR DECLARATORY JUDGMENT

and belief, DISH Technologies is the sole owner of the Asserted Patents and Sling TV purportedly is the exclusive licensee of at least the '555 Patent and the '156 Patent of the Asserted Patents. *See DISH Technologies L.L.C and Sling TV L.L.C. v. ICON Health & Fitness, Inc.*, No. 1-21-cv-00531-GBW, D.I. 1, at 1-4 (D. Del.); *see also* Paragraphs 7, 9; Exhibits 1-3, 5.

Defendants' District Court Patent Enforcement Campaign

32. In addition to Defendants' prior litigation in this District of patents related to the Asserted Patents (*see* Paragraphs 12-14 above), Defendants have also filed lawsuits to enforce the '555 Patent, '156 Patent, and other related patents in district courts. *See DISH Technologies L.L.C and Sling TV L.L.C. v. ICON Health & Fitness, Inc.*, No. 1:21-cv-00531-GBW (D. Del.) (asserting claim 10 of the '555 Patent and claim 1 the '156 Patent as well as family members Patent Nos. 9,407,564; 10,469,554; and 10,951,680); *DISH Technologies L.L.C and Sling TV L.L.C. v. Lululemon Athletica Inc. et al*, No. 1:21-cv-00532-GBW (D. Del.) (same); *DISH Technologies L.L.C and Sling TV L.L.C. v. Peloton Interactive, Inc.*, No. 2-21-cv-00132-RJG (E.D. Tex.) (same); *see also DISH Technologies L.L.C. and Sling TV L.L.C. v. Univision Communications Inc.*, No. 1:19-cv-00144-LPS (D. Del.) (asserting family member Patent Nos. 7,818,444; 8,402,156; 9,071,668; and 9,407,564).

ITC Investigation

33. Defendants and DISH DBS Corporation have also filed an ITC investigation. *Certain Fitness Devices, Streaming Components Thereof, and Systems Containing Same*, Inv. No. 337-TA-1265 (ITC) (asserting claims 10, 11-17, 26, and 27 of the '555 Patent and claims 1 and 2-12 of the '156 Patent as well as family member Patent Nos. 9,407,564; 10,469,554; and 10,951,680).

34. Certain Respondents in that investigation have appealed the ITC's determination to the Federal Circuit, and that appeal is pending. *See iFIT Inc. (f/k/a ICON Health & Fitness, Inc.), FreeMotion Fitness, Inc., and NordicTrack, Inc. v. ITC and DISH DBS Corporation, DISH Technologies L.L.C., and Sling TV L.L.C.*, No. 2023-1965.

The '555 Patent

35. The '555 Patent issued on November 5, 2019, and is entitled "Apparatus, System, and Method for Multi-Bitrate Content Streaming." *See* Exhibit 1.

36. Asserted claim 10 of the '555 Patent is reproduced below.

> 10. A content player device to stream a video over a network from a server for playback of the video, the content player device comprising:
>
> a processor;
>
> a digital processing apparatus memory device comprising non-transitory machine-readable instructions that, when executed, cause the processor to:
>
> establish one or more network connections between the client module and the server, wherein the server is configured to access at least one of a plurality of groups of streamlets;
>
> wherein the video is encoded at a plurality of different bitrates to create a plurality of streams including at least a low quality stream, a medium quality stream, and a high quality stream, wherein each of the low quality stream, the medium quality stream, and the high quality stream comprises a streamlet that encodes the same portion of the video at a different one of the plurality of different bitrates;
>
> wherein at least one of the low quality stream, medium quality stream, and high quality stream is encoded at a bit rate of no less than 600 kbps; and
>
> wherein the streamlet encoding the same portion of the video in the low quality stream has an equal playback duration as the streamlet encoding the same portion of the video in the high quality stream;
>
> select a specific one of the streams based upon a

-7-

Case No 3:23-cv-03674      COMPLAINT FOR DECLARATORY JUDGMENT

|   |   |
|---|---|
| 1 | determination by the client module to select a higher or |
| 2 | lower bitrate version of the streams; |
| 3 | place a streamlet request to the server over the one or more |
| 4 | network connections for the selected stream; |
| 5 | receive the requested streamlets from the server via the one |
| 6 | or more network connections; and |
| 7 | provide the received streamlets for playback of the video. |

The '156 Patent

37. The '156 Patent issued on August 25, 2020, and is entitled "Apparatus, System, and Method for Adaptive-Bitrate Shifting of Streaming Content." *See* Exhibit 2.

38. Asserted claim 1 of the '156 Patent is reproduced below.

> 1. An apparatus for rendering a video that is adaptively received as a digital stream from a video server over a network, the apparatus comprising;
>
> a media player operating on the apparatus, wherein the media player is configured to stream the video from the video server via at least one transmission control protocol (TCP) connection over the network, wherein the video server stores multiple different copies of the video encoded at different bit rates as multiple sets of streamlets, wherein each of the streamlets yields a different portion of the video on playback, wherein the streamlets across the different copies yield the same portions of the video on playback, and wherein the streamlets in the different copies are aligned in time such that the streamlets that play back the same portion of the video for the different copies each begin at the same playback time in relation to the beginning of the video, and wherein the media player streams

-8-

|     |     |
| --- | --- |
| 1   | the video by: |
| 2   | requesting sequential streamlets of one of the copies from the |
| 3   | video server according to the playback times of the streamlets |
| 4   | by transmitting hypertext transport protocol (HTTP) GET |
| 5   | requests that identify the selected streamlets stored by the |
| 6   | video server, wherein the sequential streamlets are selected by |
| 7   | the media player from the based upon successive |
| 8   | determinations to shift the playback quality to a higher or lower |
| 9   | quality one of the different copies of the video; |
| 10  | repeatedly generating, by the media player, a factor relating to |
| 11  | the performance of the network that is indicative of an ability |
| 12  | to sustain the streaming of the video; |
| 13  | adapting the successive determinations to shift the playback |
| 14  | quality based on the factor to achieve continuous playback of |
| 15  | the video using the streamlets of the highest quality copy of the |
| 16  | video that is determined to be sustainable at that time; and |
| 17  | presenting the video for playback by providing the requested |
| 18  | streamlets in order of ascending start time. |

### The '138 Patent

39. The '138 Patent issued on October 11, 2022, and is entitled "Apparatus, System, and Method for Multi-Bitrate Content Streaming." *See* Exhibit 3.

40. Asserted claim 14 of the '138 Patent is reproduced below.

> 14. An end user station to stream a video over a network from a
> server for playback of the video, the end user station comprising:
> a processor;
> a digital processing apparatus memory device comprising non-
> transitory machine-readable instructions that, when executed,

-9-

cause the processor to:

    establish an internet connection between the end user station and the server, wherein the server is configured to access at least one of a plurality of groups of streamlets;

        wherein the video is encoded at a plurality of different bitrates to create a plurality of streams including at least a low quality stream, a medium quality stream, and a high quality stream, each of the low quality stream, the medium quality stream, and the high quality stream comprising a group of streamlets encoded at the same respective one of the different bitrates, each group comprising at least first and second streamlets, each of the streamlets corresponding to a portion of the video;

        wherein at least one of the low quality stream, the medium quality stream, and the high quality stream is encoded at a bitrate of no less than 600 kbps; and

        wherein the first streamlets of each of the low quality stream, the medium quality stream and the high quality stream each has an equal playback duration and each of the first streamlets encodes the same portion of the video at a different one of the different bitrates;

    select a specific one of the low quality stream, the medium quality stream, and the high quality stream based upon a determination by the end user station to select a higher or lower bitrate version of the streams;

    place a streamlet request to the server over the internet connection for the first streamlet of the selected stream;

    receive the requested first streamlet from the server via the

-10-

|   |   |
|---|---|
| 1 | internet connection; and |
| 2 | provide the received first streamlet for playback of the |
| 3 | video. |
| 4 |   |

## COUNT I

**(DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '555 PATENT)**

41. MG Freesites repeats and re-alleges the allegations in Paragraphs 1-40 as though fully set forth here in their entirety.

42. By virtue of DISH Network's claim chart asserting infringement, and Defendants' litigation history involving the '555 Patent and related patents, an actual controversy exists between MG Freesites and Defendants as to whether MG Freesites infringes claim 10 of the '555 Patent.

43. A valid and justiciable controversy thus has arisen and exists between MG Freesites and Defendants within the meaning of 28 U.S.C. § 2201.

44. Specifically, in its July 7, 2023 letter, DISH Network provided a claim chart contending that the Accused Website infringes claim 10 of the '555 Patent. *See* Exhibit 4.

45. In a prior letter, DISH Network directed MindGeek to review its recent success at the ITC. *See* Exhibit 6.

46. At the ITC, Defendants asserted claims 10 and 26 of the '555 Patent. *See Certain Fitness Devices, Streaming Components Thereof, and Systems Containing Same*, Inv. No. 337-TA-1265.

47. As discussed in Paragraph 32, Defendants have also asserted claim 10 of the '555 Patent in the District of Delaware and in the Eastern District of Texas.

48. MG Freesites has not infringed and does not infringe at least claim 10 of the '555 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including through its making, use, sale, or offer for sale in, or importation into the United States of at least the Accused Website.

49. By way of example only, Defendants cannot show that the Accused Website practices at least the following limitations of claim 10 of the '555 Patent: "place a streamlet request to the

-11-

1  server over the one or more network connections for the selected stream," "receive the requested
2  streamlets from the server via the one or more network connections," and "provide the received
3  streamlets for playback of the video."

4  50. For example, the Accused Website does not request multiple streamlets in a single
5  request.

6  51. Additionally, and by way of further example only, Defendants cannot show that the
7  Accused Website practices at least the following limitations of claim 10 of the '555 Patent: "[a]
8  content player device to stream a video over a network from a server for playback of the video,
9  the content player device comprising: a processor; a digital processing apparatus memory device
10 comprising non-transitory machine-readable instructions that, when executed, cause the processor
11 to, . . ."

12 52. For example, the Accused Website does not include a "content player device" with
13 "processor" and "digital processing apparatus memory device" because the Accused Website is a
14 website and MG Freesites does not provide such hardware to end users.

15 **COUNT II**

16 **(DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '156 PATENT)**

17 53. MG Freesites repeats and re-alleges the allegations in Paragraphs 1-52 as though fully
18 set forth here in their entirety.

19 54. By virtue of DISH Network's claim chart asserting infringement, and Defendants'
20 litigation history involving the '156 Patent and related patents, an actual controversy exists
21 between MG Freesites and Defendants as to whether MG Freesites infringes claim 1 of the '156
22 Patent.

23 55. A valid and justiciable controversy has arisen and exists between MG Freesites and
24 Defendants within the meaning of 28 U.S.C. § 2201.

25 56. Specifically, in its July 7, 2023 letter, DISH Network provided a claim chart contending
26 that the Accused Website infringes claim 1 of the '156 Patent. *See* Exhibit 4.

27 57. In a prior letter, DISH Network directed MindGeek to review its recent success at the
28 ITC. *See* Exhibit 6.

58. At the ITC, Defendants asserted claim 1 of the '156 Patent. *See Certain Fitness Devices, Streaming Components Thereof, and Systems Containing Same*, Inv. No. 337-TA-1265.

59. As discussed in Paragraph 32, Defendants have also asserted claim 1 of the '156 Patent in the District of Delaware and in the Eastern District of Texas.

60. MG Freesites has not infringed and does not infringe at least claim 1 of the '156 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including through its making, use, sale, or offer for sale in, or importation into the United States of at least the Accused Website.

61. By way of example only, Defendants cannot show that the Accused Website practices at least the following limitations and/or elements of claim 1 of the '156 Patent:

- "[a]n apparatus for rendering a video that is adaptively received as a digital stream from a video server over a network,"

- "a media player . . . configured to stream the video from the video server via at least one transmission control protocol (TCP) connection,"

- "wherein the video server stores multiple different copies of the video encoded at different bit rates as multiple sets of streamlets," and

- "requesting sequential streamlets of one of the copies from the video server according to the playback times of the streamlets by transmitting hypertext transport protocol (HTTP) GET requests that identify the selected streamlets stored by the video server."

62. For example, MG Freesites does not have a single server performing each limitation of claim 1, including the above limitations. *Salazar v. AT&T Mobility LLC*, 64 F.4th 1311, 1317 (Fed. Cir. 2023) ("while the claim term 'a microprocessor' does not require there be only one microprocessor, the subsequent limitations referring back to 'said microprocessor' require that at

-13-

least one microprocessor be capable of performing each of the claimed functions.").

63. Further, and by way of example only, Defendants cannot show that the Accused Website practices at least the following limitations of claim 1 of the '156 Patent: "requesting sequential streamlets of one of the copies from the video server according to the playback times . . . that identify the selected streamlets stored by the video server, wherein the sequential streamlets are selected by the media player from the based upon successive determinations to shift the playback quality to a higher or lower quality one of the different copies of the video"

64. For instance, the Accused Website does not request multiple streamlets in a single request.

## COUNT III

**(DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '138 PATENT)**

65. MG Freesites repeats and re-alleges the allegations in Paragraphs 1-64 as though fully set forth here in their entirety.

66. By virtue of DISH Networks' claim chart asserting infringement of claim 14 of the '138 Patent, and Defendants' litigation history involving the family members of the '138 Patent, an actual controversy exists between MG Freesites and Defendants as to whether MG Freesites infringes claim 14 of the '138 Patent.

67. A valid and justiciable controversy has arisen and exists between MG Freesites and Defendants within the meaning of 28 U.S.C. § 2201.

68. Specifically, in its July 7, 2023 letter, DISH Network provided a claim chart contending that the Accused Website infringes claim 14 of the '138 Patent. *See* Exhibit 4.

69. In a prior letter, DISH Network directed MindGeek to review its recent success at the ITC. *See* Exhibit 6.

70. MG Freesites has not infringed and does not infringe at least claim 14 of the '138 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including through its making, use, sale, or offer for sale in, or importation into the United States of at least the Accused Website.

71. By way of example only, Defendants cannot show that the Accused Website practices at

-14-

Case No 3:23-cv-03674      COMPLAINT FOR DECLARATORY JUDGMENT

least the following limitations of claim 14 of the '138 Patent: "[a]n end user station to stream a video over a network from a server for playback of the video, the end user station comprising: a processor; a digital processing apparatus memory device comprising non-transitory machine-readable instructions that, when executed, cause the processor to, . . . select a specific one of the low quality stream, the medium quality stream, and the high quality stream based upon a determination by the end user station to select a higher or lower bitrate version of the streams"

72. For example, the Accused Website does not include an "end user station" with "processor" and "digital processing apparatus memory device" because the Accused Website is a website and MG Freesites does provide such hardware to end users.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, MG Freesites demands a jury trial on all issues and claims so triable.

## REQUEST FOR RELIEF

WHEREFORE, MG Freesites respectfully requests the Court to enter judgment in its favor and against Defendants and grant the following relief:

A. A declaration that the Accused Website does not infringe, either directly or indirectly, under 35 U.S.C. § 271 (or any sub-section thereof) claim 10 of the '555 Patent, claim 1 of the '156 Patent, and claim 14 of the '138 Patent, either literally or under the doctrine of equivalents;

B. A declaration that MG Freesites has not infringed and does not infringe, either directly or indirectly, under 35 U.S.C. § 271 (or any sub-section thereof) the above claims, either literally or under the doctrine of equivalents, based on MG Freesites' purported making, having made, using, offering for sale, selling, and/or importing of the Accused Website;

C. That this case be found exceptional within the meaning of 35 U.S.C. § 285;

D. An award of costs, expenses, and reasonable attorneys' fees incurred in connection with this action; and

E. Such other and further relief as the Court deems just and proper.

| | | |
|---|---|---|
| Dated: July 25, 2023 | By: | VENABLE LLP<br><br>/s/ *William A. Hector*<br><br>William A. Hector (SBN 298490)<br>Frank M. Gasparo (*Pro Hac Vice forthcoming*)<br>Ralph A. Dengler (*Pro Hac Vice forthcoming*)<br>Ian G. Paquette (*Pro Hac Vice forthcoming*)<br>Parker G. Zimmerman (*Pro Hac Vice forthcoming*)<br><br>*Attorneys for Plaintiff MG Freesites Ltd* |

-16-

Case No 3:23-cv-03674 COMPLAINT FOR DECLARATORY JUDGMENT