# EXHIBIT T

# ENFORCEMENT OF FOREIGN JUDGMENTS

## Cyprus



**Consulting editor**

*Latham & Watkins LLP*

# Enforcement of Foreign Judgments

Consulting editors

**Oliver Browne, Georgie Blears**

*Latham & Watkins LLP*

Quick reference guide enabling side-by-side comparison of local insights into relevant treaties, conventions and other sources of law; limitation periods; types of enforceable order; competent courts; separation of recognition and enforcement; opposition; jurisdiction of the foreign court; awards and security for appeals; enforcement and pitfalls; and recent trends.

Generated 26 August 2022

The information contained in this report is indicative only. Law Business Research is not responsible for any actions (or lack thereof) taken as a result of relying on or in any way using information contained in this report and in no event shall be liable for any damages resulting from reliance on or use of this information. © Copyright 2006 - 2022 Law Business Research

# Table of contents

**LEGISLATION**

Treaties

Intra-state variations

Sources of law

Hague Convention requirements

**BRINGING A CLAIM FOR ENFORCEMENT**

Limitation periods

Types of enforceable order

Competent courts

Separation of recognition and enforcement

**OPPOSITION**

Defences

Injunctive relief

**REQUIREMENTS FOR RECOGNITION**

Basic requirements for recognition

Other factors

Procedural equivalence

**JURISDICTION OF THE FOREIGN COURT**

Personal jurisdiction

Subject-matter jurisdiction

Service

Fairness of foreign jurisdiction

**EXAMINATION OF THE FOREIGN JUDGMENT**

Vitiation by fraud

Public policy

Conflicting decisions

Enforcement against third parties

Alternative dispute resolution

Favourably treated jurisdictions

Alteration of awards

## AWARDS AND SECURITY FOR APPEALS

**Currency, interest, costs**

**Security**

## ENFORCEMENT AND PITFALLS

**Enforcement process**

**Pitfalls**

## UPDATE AND TRENDS

**Hot topics**

# Contributors

### Cyprus



**Kyriakos Karatsis**
kkaratsis@pirilides.com
*N. Pirilides & Associates LLC*





**Antonia Argyrou**
aargyrou@pirilides.com
*N. Pirilides & Associates LLC*

## LEGISLATION

### Treaties

Is your country party to any bilateral or multilateral treaties for the reciprocal recognition and enforcement of foreign judgments? What is the country's approach to entering into these treaties, and what, if any, amendments or reservations has your country made to such treaties?

Cyprus has signed several bilateral agreements relating to legal and judicial cooperation and it is a party to various multilateral treaties relating to the recognition and enforcement of foreign judgments. The bilateral treaties Cyprus is bound by are with:

- the Czech Republic (Law No. 68/82);
- Hungary (Law No. 7/83);
- Bulgaria (Law No. 18/84;
- Greece (Law No. 55/84);
- Syria (Law No. 160/86);
- the Russian Federation (Law No.172/86);
- Ukraine (Law No. 8(III)/05);
- the states of former Yugoslavia (Serbia and Slovenia) (Law No. 179/86);
- Egypt (Law No. 32(III)/96);
- China (Law No. 19(III)/95);
- Poland (Law No. 10(III)/97); and
- Germany (Law No. 5/84).

Regarding multilateral treaties on the reciprocal recognition and enforcement of foreign judgments, Cyprus is bound by, inter alia, the following:

- the Hague Convention on the Recognition and Enforcement of Foreign Judgments in Civil and Commercial Matters;
- the Hague Convention on Choice of Court Agreements 2005;
- the Convention on the Recovery Abroad of Maintenance;
- the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards; and
- the European Convention on Certain International Aspects of Bankruptcy.

Since Cyprus became an EU member state, it has been bound by the following EU Regulations relating to the recognition and enforcement of judgments issued by courts in the European Union:

- Regulation (EU) No. 1215/2012 on jurisdiction and the recognition and enforcement of judgments in civil and commercial matters;
- Regulation (EC) No. 805/2004 of the European Parliament and of the Council of 24 April 2004 creating a European Enforcement Order for uncontested claims;
- Regulation (EC) No. 1896/2006 of the European Parliament and of the Council of 12 December 2006 creating a European order for payment procedure; and
- Regulation (EC) No. 861/2007 of the European Parliament and of the Council of 11 July 2007 establishing a European Small Claims Procedure.

Further, regarding judgments obtained in the United Kingdom, their registration is governed by the Foreign Judgments (Reciprocal Enforcement) Law of 1935, Chapter 10 . This legislation is of particular importance following the exit of the United Kingdom from the European Union. Moreover, on 1 January 2021 the United Kingdom rejoined the Hague Convention on Choice of Court Agreements 2005, which provides for the enforcement of judgments relating to agreements made between parties to international commercial contracts; thus, such judgments obtained in the United Kingdom may be enforced in Cyprus.

*Law stated - 30 June 2022*

### Intra-state variations

Is there uniformity in the law on the enforcement of foreign judgments among different jurisdictions within the country?

There is no uniformity in the laws of Cyprus regarding the enforcement of foreign judgments, thus different procedural mechanisms apply depending mainly on the nationality of the court that issued the judgment. A foreign judgment may be enforceable in Cyprus under:

- EU Regulations;
- bilateral treaties;
- an action or a counterclaim at common law; or
- a statute via the process of registration under the Foreign Judgments (Reciprocal Enforcement) Law.

*Law stated - 30 June 2022*

### Sources of law

What are the sources of law regarding the enforcement of foreign judgments?

As Cyprus is an EU member state, the main source of law is Regulation (EU) No. 1215/2012 on jurisdiction and the recognition and enforcement of judgments in civil and commercial matters. The national rules concerning the procedure on recognition and enforcement of foreign judgments are contained in the Foreign Courts (Recognition, Registration and Enforcement by Convention) Law of 2000, Law No. 121(1)/2000 and the Foreign Judgments (Reciprocal Enforcement) Law. In addition to domestic case law on the matter, Cypriot courts also take into consideration Court of Justice of the European Union case law.

*Law stated - 30 June 2022*

### Hague Convention requirements

To the extent the enforcing country is a signatory of the Hague Convention on Recognition and Enforcement of Foreign Judgments in Civil and Commercial Matters, will the court require strict compliance with its provisions before recognising a foreign judgment?

Cyprus signed the Hague Convention on Recognition and Enforcement of Foreign Judgments in Civil and Commercial Matters in 1971 and it was ratified with Law No. 11/1976. However, the Hague Convention has no practical effect on its own since, according to article 21 of the Convention, judgments rendered in a contracting state will not be recognised or enforced in another contracting state unless the two states, being parties to the Convention, have signed a



supplementary agreement to this effect.

*Law stated - 30 June 2022*

## BRINGING A CLAIM FOR ENFORCEMENT

### Limitation periods

What is the limitation period for enforcement of a foreign judgment? When does it commence to run? In what circumstances would the enforcing court consider the statute of limitations of the foreign jurisdiction?

Limitation periods are not provided for in Regulation (EU) No. 1215/2012 or any other relevant EU Regulation, or Law No. 121(1)/2000 or the Foreign Judgments (Reciprocal Enforcement). Generally, judgments must still be enforceable in the state in which they were given to be enforced in Cyprus.

Where a judgment is enforced at common law (ie, through the initiation of an action), the relevant limitation period according to article 10 of the Limitation of Actionable Rights Law of 2012 (Law No. 66(I)/2012) is 15 years from the date on which the foreign judgment became final.

*Law stated - 30 June 2022*

### Types of enforceable order

Which remedies ordered by a foreign court are enforceable in your jurisdiction?

The types of enforceable remedies ordered by a foreign court are usually specified in the bilateral or multilateral treaties to which Cyprus is a party but in general, and provided that there is no explicit provision in the applicable bilateral or multilateral treaty that excludes a particular type of remedy, any monetary judgment, interim and permanent injunctions and orders for specific performance are enforceable in Cyprus.

*Law stated - 30 June 2022*

### Competent courts

Must cases seeking enforcement of foreign judgments be brought in a particular court?

There is no particular court in Cyprus to which enforcement of foreign judgment proceedings should be brought. The competent court can be any district court of Cyprus where the judgment debtor resides or where he or she has or is expected to have assets, or where the property to which the judgment relates is situated.

The rules concerning the procedure on recognition and enforcement of foreign judgments issued by a foreign court with which Cyprus has concluded a bilateral or multilateral treaty to the same effect are contained in Law No. 121(1)/2000, article 2, which provides that Cypriot courts will assume jurisdiction to adjudicate applications for the recognition of foreign judgments only when at least one of the parties is resident within Cyprus.

*Law stated - 30 June 2022*

### Separation of recognition and enforcement



> To what extent is the process for obtaining judicial recognition of a foreign judgment separate from the process for enforcement?

In Cyprus, both procedures are considered to be interconnected to a great extent. However, as a general rule, a foreign judgment must be recognised in Cyprus to be enforceable as a Cypriot court judgment.

Under Regulation (EU) No. 1215/2012, judgments must be recognised in Cyprus before they become enforceable. Under article 36 of the Regulation, no special procedure is required for the recognition of a judgment given in an EU member state. However, article 45 of the Regulation provides the respondent with an opportunity to oppose recognition on certain limited grounds. Once a foreign judgment has been registered in Cyprus, it will be enforced in the same way as a judgment obtained in Cyprus.

There is no separation of the recognition and enforcement process under Regulation (EC) No. 1896/2006 (European order for payment) and EC Regulation No. 861/2007 (European small claims procedure), since they do not require registration before enforcement.

Article 5(2) of Law No. 121 (1)/2000, which regulates the recognition and enforcement of non-EU judgments issued by a court of a country with which Cyprus has concluded a bilateral agreement for the reciprocal recognition and enforcement of court judgments or arbitral awards, provides that a judgment creditor is entitled to apply simultaneously for both recognition and enforcement of a foreign judgment or its recognition only.

*Law stated - 30 June 2022*

## OPPOSITION

### Defences

> Can a defendant raise merits-based defences to liability or to the scope of the award entered in the foreign jurisdiction, or is the defendant limited to more narrow grounds for challenging a foreign judgment?

A defendant in proceedings in Cyprus for the recognition or enforcement of a foreign judgment is not able to raise any merits-based defences as to his or her liability or to the scope of the award entered in the foreign jurisdiction as Cypriot courts will usually give effect to a validly obtained foreign judgment and will not question or enquire into errors of fact or law in the original decision.

Article 52 of Regulation (EU) No. 1215/2012 explicitly prohibits the review of a judgment from an EU member state as to its substance in the EU member state addressed. The grounds that a defendant may invoke to object to the recognition and enforcement of an EU judgment are limited to those listed in article 45 of the Regulation, supporting and aligning with the policy of making judgments easily enforceable between EU member states.

Regulation (EC) No. 1896/2006 and Regulation (EC) No. 861/2007 do not provide for a similar procedure for the defendant to challenge enforcement of judgments for a European order for payment or a European small claims procedure, respectively, since no recognition is needed before enforcement, except where the judgment conflicts with an existing determination between the same parties.

If recognition is sought under common law (ie, through the filing of an action by the foreign judgment creditor), then Cypriot courts will have the discretion of whether to recognise the judgment debt. Cypriot courts will not recognise debt claims based on a judgment of a foreign court:

- that lacked jurisdiction;



- that was obtained by fraud;
- that is contrary to public policy in Cyprus or to the requirements of natural justice;
- against which an appeal is pending or the debtor is entitled to and intends to appeal against the judgment; or
- that has been wholly satisfied at the date of the application for its recognition in Cyprus.

If the foreign judgment creditor applies in Cyprus for recognition or enforcement of the foreign judgment under Law No. 121(1)/2000, the defendant may only raise various procedural objections that are limited to those contained in subsection 1(e) of article 5 of the aforesaid Law, namely:

- the lack of jurisdiction of the Cypriot courts under article 2 of that Law (that none of the parties is resident within Cyprus);
- that the foreign judgment in question has been wholly satisfied by the defendant; or
- that the requirements imposed by the applicable bilateral treaty have not been met by the applicant.

*Law stated - 30 June 2022*

## Injunctive relief

**May a party obtain injunctive relief to prevent foreign judgment enforcement proceedings in your jurisdiction?**

No authority in Cyprus has recognised the issue of an anti-enforcement injunction restraining the judgment creditor from applying for enforcement of a foreign judgment. However, where there is no Cypriot case law on the matter, the Cypriot courts apply English common law under article 29(1)(c) of Law No. 14/60 (the Courts Law). Therefore, if a foreign judgment debtor applies to the Cypriot courts for an anti-enforcement injunction, the courts may rely on English case law, under which UK courts have the power to restrain persons from enforcing a foreign judgment in the United Kingdom when such a judgment has been obtained in breach of a contractual term as to the choice of court or by fraud. However, this power to restrain enforcement has been used rarely by UK courts and we expect the Cypriot courts to take the same approach.

In any event, there would be no real need for a potential judgment debtor to apply for an anti-enforcement injunction to restrain enforcement in Cyprus as the Cypriot courts will only allow enforcement of a foreign judgment following an inter partes hearing in which the defendant may challenge enforcement by raising any relevant issues for which enforcement in Cyprus can be denied.

*Law stated - 30 June 2022*

## REQUIREMENTS FOR RECOGNITION

## Basic requirements for recognition

**What are the basic mandatory requirements for recognition of a foreign judgment?**

Generally, the basic requirements that a court in Cyprus will consider in an application for recognition of a foreign judgment in Cyprus are:

- whether the court that issued the judgment has had jurisdiction to issue the judgment in question;
- whether recognition is contrary to Cypriot public policy or the requirements of natural justice; and
- whether it has been obtained by fraud.



For recognition under Regulation (EU) No. 1215/12, a court in Cyprus must consider all the grounds listed in article 45 of the Regulation as well as any other typical requirements provided by the Regulation, whereas for recognition under a bilateral treaty each case may differ according to the provisions of the treaty. Further, since Law No. 121(1)/2000 applies for the recognition in Cyprus of any foreign judgment from a country with which Cyprus has signed a bilateral treaty relating to legal and judicial cooperation, Cypriot courts should additionally consider whether they have jurisdiction to proceed with the requested recognition as, according to the aforesaid Law, either the applicant or the respondent must be resident within Cyprus irrespective of the existence of a bilateral treaty between Cyprus and the country that issued the foreign judgment.

*Law stated - 30 June 2022*

### Other factors

**May other non-mandatory factors for recognition of a foreign judgment be considered and, if so, what factors?**

We are not aware of any Cypriot case law or even a first instance court's judgment that considered non-mandatory factors. Provided that all the basic mandatory requirements have been met, Cypriot courts do not have the discretion to recognise a foreign judgment by considering other factors.

*Law stated - 30 June 2022*

### Procedural equivalence

**Is there a requirement that the judicial proceedings where the judgment was entered correspond to due process in your jurisdiction and, if so, how is that requirement evaluated?**

Cypriot courts in an action for recognition and enforcement of a foreign judgment will opt not to engage in analysing whether there is a procedural equivalence of the original court's processes for the following reasons:

- the system provided by Regulation (EU) No. 1215/12 is founded on the assumption that a basic minimum standard of adequate process will be achieved across all EU member states; and
- the originating court's processes will have been considered by Cyprus at the time of entering into the relevant bilateral treaty relating to legal and judicial cooperation.

However, as a general rule, the judicial proceedings where the judgment was entered should correspond to the basic principles of due process in Cypriot procedural law.

*Law stated - 30 June 2022*

## JURISDICTION OF THE FOREIGN COURT

### Personal jurisdiction

**Will the enforcing court examine whether the court where the judgment was entered had personal jurisdiction over the defendant and, if so, how is that requirement met?**

Concerning judgments issued by EU member states, article 45(3) of Regulation (EU) No. 1215/2012 provides that the

jurisdiction of the court of origin may not be reviewed; consequently, the personal jurisdiction of the defendant of the EU member state court that issued the judgment will not be examined by the enforcing court.

Concerning judgments issued by states that are not members of the European Union, but with which Cyprus has a bilateral treaty (which invokes the provisions of Law No. 121(I)/2000), the examination (or not) of the jurisdiction requirement depends on the provisions of the bilateral treaty or convention applicable under the circumstances.

Regarding judgments that fall under the scope of Chapter 10 of the Foreign Judgments (Reciprocal Enforcement) Law of 1935 (Chapter 10), the issue of personal jurisdiction over the defendant is one that Cypriot courts may examine in an application to set aside the recognised or enforced foreign judgment.

Under common law, Cypriot courts will consider whether the court that issued the foreign judgment had personal jurisdiction over the defendant under the conflict of laws rules applicable in Cyprus.

*Law stated - 30 June 2022*

## Subject-matter jurisdiction

**Will the enforcing court examine whether the court where the judgment was entered had subject-matter jurisdiction over the controversy and, if so, how is that requirement met?**

Concerning judgments issued by EU member states, article 52 of Regulation (EU) No. 1215/2012 provides that a judgment issued in an EU member state may not be reviewed as to its substance; therefore, the subject-matter jurisdiction of the EU member state that issued the judgment will not be examined by the enforcing court.

Regarding judgments issued by states that are not members of the European Union, but with which Cyprus has a bilateral treaty (which invokes the provisions of Law No. 121(I)/2000), the examination (or not) of the jurisdiction requirement depends on the provisions of the bilateral treaty or convention applicable under the circumstances.

According to Chapter 10 (article 6(1)), the issue of subject-matter jurisdiction is one of the grounds under which a foreign judgment recognised in Cyprus may be set aside.

*Law stated - 30 June 2022*

## Service

**Must the defendant have been technically or formally served with notice of the original action in the foreign jurisdiction, or is actual notice sufficient? How much notice is usually considered sufficient?**

Under Regulation (EU) No. 1215/2012 (article 45(1)(b)), concerning judgments issued by EU member states, the defendant must be served with the document that instituted the proceedings or with an equivalent document in sufficient time and in such a way to enable him or her to arrange for his or her defence.

Concerning non–EU judgments, whereby Law No. 121(I)/2000 is applicable, this issue will be examined (or not) in light of the specific provisions of the bilateral treaty or convention applicable under the circumstances.

If the recognition or enforcement of a foreign judgment is sought under Chapter 10, such recognition or enforcement may be set aside if it is shown that the defendant was not duly notified of the initial foreign proceedings.

There is no available case law on the matter concerning common law enforcement in Cyprus; however, we believe that the issue of service of the original action in the foreign jurisdiction is one that the Cypriot courts would examine.

*Law stated - 30 June 2022*



**Fairness of foreign jurisdiction**

Will the court consider the relative inconvenience of the foreign jurisdiction to the defendant as a basis for declining to enforce a foreign judgment?

No, the courts will not examine whether the foreign jurisdiction was the most convenient for the defendant as the principle of forum non conveniens do not provide a basis for denying the recognition or enforcement of a foreign judgment.

*Law stated - 30 June 2022*

## EXAMINATION OF THE FOREIGN JUDGMENT

**Vitiation by fraud**

Will the court examine the foreign judgment for allegations of fraud upon the defendant or the court?

Fraud is not listed in articles 45 and 46 of Regulation (EU) No. 1215/2012 as a ground for refusal for recognition and enforcement of a judgment issued in an EU member state. Similarly, fraud is not an element to be examined under the provisions of Law No. 121(I)/2000. Nevertheless, the bilateral treaty or convention that will be invoked may include such an element to be examined by the enforcing court.

If the recognition or enforcement of a judgment is sought under Chapter 10 of the Foreign Judgments (Reciprocal Enforcement) Law of 1935 (Chapter 10), the court will examine whether the judgment to be recognised or enforced was obtained by fraud (article 6(1)(a)(iv)). The same rule applies under common law.

*Law stated - 30 June 2022*

**Public policy**

Will the court examine the foreign judgment for consistency with the enforcing jurisdiction's public policy and substantive laws?

Under articles 45 and 46 of Regulation (EU) No. 1215/2012, the registration or enforcement of an EU member state judgment must not be manifestly contrary to public policy. This only applies in exceptional cases and it cannot be used as a back-door way to attack the jurisdiction of the original court. According to the judgment of the Court of Justice of the European Union in Krombach v Bamberski (Case C-7/98), the public policy argument would only apply where recognition of enforcement of a judgment of another EU member state infringed a fundamental principle of the legal order of the state in which recognition was sought.

Concerning judgments of non-EU member states, whereby the recognition or enforcement of the judgment is sought under Law No. 121(I)/2000, the examination of the public policy element will be relevant (or not) depending on the wording of any applicable bilateral treaty or convention.

Under Chapter 10, the court will examine whether such recognition or enforcement will be contrary to Cypriot public policy (article 6(1)(a)(v)).

*Law stated - 30 June 2022*

## Conflicting decisions

**What will the court do if the foreign judgment sought to be enforced is in conflict with another final and conclusive judgment involving the same parties or parties in privity?**

When a judgment issued in an EU member state is considered, articles 45 and 46 of Regulation (EU) No. 1215/2012 prohibit the recognition or enforcement of a judgment if it is irreconcilable with a judgment given between the same parties in the EU member state addressed or if it is irreconcilable with an earlier judgment given in another EU member state, or a third state involving the same cause of action and between the same parties, provided that the earlier judgment fulfils the conditions necessary for its recognition in the EU member state addressed.

Similarly, under Regulation (EC) No. 805/2004 (European Enforcement Order), Regulation (EC) No. 861/2007 (European small claims procedure) and Regulation (EC) No. 1896/2006 (European order for payment procedure), the existence of an irreconcilable Cyprus judgment provides sufficient grounds for challenging enforcement.

If the recognition or enforcement of a judgment has been sought under Chapter 10, the court may set aside the recognition or enforcement if a final judgment regarding the same matter in issue has already been issued (ie, before the issue of the original judgment) in another court (section 6(1)(b) of Chapter 10).

Generally, and similarly to the approach under Regulation (EU) No. 1215/2012 and Chapter 10, a foreign judgment will not be recognised or enforced in Cyprus if there is a conflicting Cypriot judgment between the same parties involving the same cause of action, as this will be against the principle of res judicata, which is applicable in Cyprus.

*Law stated - 30 June 2022*

## Enforcement against third parties

**Will a court apply the principles of agency or alter ego to enforce a judgment against a party other than the named judgment debtor?**

Generally, in recognition and enforcement proceedings in Cyprus, the courts will not apply the principles of agency or alter ego since the foreign judgment should be treated as if it creates a contract debt between the parties and will be only enforceable against the judgment debtor or party to which it is addressed.

Concerning corporate defendants, although there is no relevant case law in Cyprus, we consider that under particular circumstances those principles might be applicable, as a result of which Cypriot courts will find another person liable for the judgment debt of a corporate defendant.

*Law stated - 30 June 2022*

## Alternative dispute resolution

**What will the court do if the parties had an enforceable agreement to use alternative dispute resolution, and the defendant argues that this requirement was not followed by the party seeking to enforce?**

As a general rule, the Cypriot courts cannot review the substance or merits of a foreign judgment at the stage of recognition and enforcement and, therefore, if the foreign judgment was issued irrespective of the existence and non-adherence to such an alternative dispute resolution clause, the Cypriot court will not examine this issue.

Nevertheless, if the applicable law for recognition or enforcement is Chapter 10, the Cypriot courts are obliged to



examine this matter under section 6(3)(b) of Chapter 10.

*Law stated - 30 June 2022*

## Favourably treated jurisdictions

**Are judgments from some foreign jurisdictions given greater deference than judgments from others? If so, why?**

The EU scheme, the bilateral treaties to which Cyprus is a party and Chapter 10 each apply to specified nations whose judgments are thereby more readily enforceable, through the procedures set out in those instruments, than those of other jurisdictions.

*Law stated - 30 June 2022*

## Alteration of awards

**Will a court ever recognise only part of a judgment, or alter or limit the damage award?**

Generally, Cypriot courts will recognise or enforce a lawfully obtained judgment as it is, provided that the remedies awarded are recognised in Cyprus, with no alterations or limitations as to the damages award.

Under article 54 of Regulation (EU) No. 1215/2012, if a judgment includes a measure or an order that is not known in the law of the EU member state addressed, that measure or order will be adapted to a measure or an order that is known in the law of that EU member state, to the extent possible. The 'new' measure or order must have equivalent effects and must pursue similar aims and interests. However, the adaptation must not result in effects going beyond those provided for in the law of the EU member state of origin.

*Law stated - 30 June 2022*

# AWARDS AND SECURITY FOR APPEALS

## Currency, interest, costs

**In recognising a foreign judgment, does the court convert the damage award to local currency and take into account such factors as interest and court costs and exchange controls? If interest claims are allowed, which law governs the rate of interest?**

Where the sum payable under a foreign judgment that is to be registered to Cyprus is expressed in a currency other than the currency of Cyprus, the judgment shall be registered as if it were a judgment for such sum in the currency of Cyprus (based on the rate of exchange prevailing at the date of the judgment of the original court) as is equivalent to the sum payable.

Under Regulation (EC) No. 805/2004 (European Enforcement Order), where a judgment creditor applies in Cyprus to enforce an order that is expressed in a currency other than the euro, the application must contain a certificate of the equivalent in euros of the judgment's amount at the close of business of the nearest date preceding the application.

An award for costs will generally be enforced by the Cypriot courts in the same manner as a damages award.

*Law stated - 30 June 2022*



### Security

**Is there a right to appeal from a judgment recognising or enforcing a foreign judgment? If so, what procedures, if any, are available to ensure the judgment will be enforceable against the defendant if and when it is affirmed?**

Yes, there is a right to appeal from a judgment recognising or enforcing a foreign judgment, within six weeks of the date of the judgment.

In the case of filing an appeal against a Cyprus judgment recognising and enforcing a foreign judgment, the judgment creditor or respondent to the appeal may proceed with the execution of the foreign judgment under the execution methods available under Cyprus law or equity, unless the execution has been stayed by a court order following an application for stay of execution filed by a judgment debtor or appellant. Even if the judgment debtor or appellant issues an order for stay of execution, a security or guarantee must be deposited by the judgment debtor or appellant and it will be subject to execution if the Cypriot judgment for recognition and enforcement is finally affirmed by the appellate court.

*Law stated - 30 June 2022*

## ENFORCEMENT AND PITFALLS

### Enforcement process

**Once a foreign judgment is recognised, what is the process for enforcing it in your jurisdiction?**

Once a foreign judgment is recognised by the Cypriot courts and consequently becomes enforceable as a Cypriot court judgment, the judgment creditor has several options under the Civil Procedure Law, Chapter 6, as to how to proceed with the execution of the judgment against the judgment debtor.

Under Chapter 6, the following methods of execution are available:

- a writ of execution for the sale of movables;
- a writ for sale of immovable property or registration of a charging order ('memo') over the property;
- a writ of sequestration of immovable property;
- a garnishee order;
- an order to the judgment debtor to make payments over the debt every month;
- a writ of possession, ordering immovable property to be delivered to the judgment creditor; and
- a writ of delivery, ordering movable property to be delivered to the judgment creditor.

Further, based on the Encumbering Orders Law of 1992 (Law No. 31(I)/1992), an order encumbering the interest of the judgment debtor on shares and other stock owned may be requested and issued.

*Law stated - 30 June 2022*

### Pitfalls

**What are the most common pitfalls in seeking recognition or enforcement of a foreign judgment in your jurisdiction?**

No case law identifies common pitfalls.

*Law stated - 30 June 2022*

## UPDATE AND TRENDS

**Hot topics**

Are there any emerging trends or hot topics in foreign judgment enforcement in your jurisdiction?

At present, there are no emerging trends or hot topics concerning the matter of enforcing foreign judgments in Cyprus.

*Law stated - 30 June 2022*

## Jurisdictions

| | | |
|---|---|---|
| 🇦🇹 | Austria | WEBER & CO. |
| 🇧🇭 | Bahrain | Charles Russell Speechlys |
| 🇧🇷 | Brazil | Kobre & Kim LLP |
| 🇨🇳 | China | DeHeng Law Offices |
| 🇨🇾 | Cyprus | N. Pirilides & Associates LLC |
| 🇪🇬 | Egypt | Soliman, Hashish & Partners |
| 🇩🇪 | Germany | Willkie Farr & Gallagher LLP |
| 🇬🇷 | Greece | PotamitisVekris |
| 🇮🇩 | Indonesia | Assegaf Hamzah & Partners |
| 🇮🇹 | Italy | Ughi e Nunziante |
| 🇯🇵 | Japan | TMI Associates |
| 🇯🇴 | Jordan | Hammouri & Partners |
| 🇱🇺 | Luxembourg | Pinsent Masons |
| 🇳🇬 | Nigeria | Streamsowers & Köhn |
| 🇵🇭 | Philippines | SyCip Salazar Hernandez & Gatmaitan |
| 🇨🇭 | Switzerland | Walder Wyss Ltd |
| 🇹🇷 | Turkey | Gün + Partners |
| 🇦🇪 | United Arab Emirates | Charles Russell Speechlys |
| 🇦🇪 | United Arab Emirates - Abu Dhabi | Charles Russell Speechlys |
| 🇦🇪 | United Arab Emirates - DIFC | Charles Russell Speechlys |
| 🇬🇧 | United Kingdom | Latham & Watkins LLP |
| 🇺🇸 | USA | Freshfields Bruckhaus Deringer |

Accessed at: https://www.pirilides.com/assets/modules/ppp/publications/230/docs/2023_enforcement_of_foreign_judgments_cyprus.pdf