UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DISH TECHNOLOGIES L.L.C.; and SLING TV L.L.C., <br><br> Plaintiffs, <br> v. <br><br> MG PREMIUM LTD; MG BILLING LTD; MG BILLING IRELAND LTD; SONESTA TECHNOLOGIES s.r.o.; and YELLOW PRODUCTION, s.r.o., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' EXPEDITED MOTION TO STAY PENDING INTER PARTES REVIEW (DOC. NO. 79)** <br><br> Case No. 2:23-cv-00552 <br><br> District Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiffs DISH Technologies L.L.C. and Sling TV L.L.C. (collectively, "DISH") brought this case against Defendants MG Premium Ltd, MG Billing Ltd, MG Billing Ireland Ltd, Sonesta Technologies, s.r.o., Sonesta Media, s.r.o., and Yellow Production, s.r.o, alleging Defendants willfully infringed on a number of DISH's patents relating to streaming content on the internet.[1] DISH seeks damages and injunctive relief to prevent Defendants from further use of DISH's technology.[2] Shortly after filing the lawsuit, DISH filed a motion for preliminary injunction, seeking to enjoin Defendants from infringing on the patents pending a final judgment in this case.[3] That motion was filed on September 13, 2023, and is still pending. On January 24, 2024, Defendants

---

[1] (*See* Compl. ¶ 1, Doc. No. 1.)

[2] (*Id.*)

[3] (Mot. for Prelim. Inj., Doc. No. 19.)

1

MG Premium Ltd and MG Billing Limited filed a motion to dismiss or transfer the case, arguing the court lacks personal jurisdiction over them.[4] That motion is also still pending.

Now at issue is a motion to stay filed by Defendants MG Premium Ltd, MG Billing Limited, and Yellow Production, s.r.o (collectively, "Defendants").[5] Defendants argue the case should be stayed pending inter partes review ("IPR") by the United States Patent and Trademark Office's ("PTO") Patent Trial and Appeal Board for four of the six patents at issue in this case.[6] DISH opposes the stay, arguing a stay would effectively deny DISH relief in the case.[7] Because a stay will simplify the issues, the case is young, and DISH will not be unduly prejudiced, Defendants' motion to stay is granted.

## LEGAL STANDARDS

A court has "broad discretion to stay proceedings as an incident to its power to control its own docket."[8] A court may use this discretion to stay an action "to provide economy of time and effort for itself and for counsel and litigants appearing before the

---

[4] (*See* Aylo Defs.' Mot. to Dismiss Compl. or Transfer Case, Doc. No. 58.)

[5] (Defs.' Expedited Mot. to Stay Pending *Inter Partes* Rev. ("Mot. to Stay"), Doc. No. 79.) The other defendants in this case—Sonesta Technologies s.r.o., Sonesta Media s.r.o., and MG Billing Ireland Ltd—did not join the motion to stay.

[6] (*See generally id.*) While IPR proceedings have been initiated for four of the six patents at issue in this case, separate IPR petitions are still pending for the two other patents at issue. (*See id.* at 3.)

[7] (Pls.' Opp'n to Defs.' Expedited Mot. to Stay Pending *Inter Partes* Rev. ("Opp'n"), Doc. No. 90.)

[8] *Capitol Specialty Ins. Corp. v. Sw. Clubs, Inc.*, No. 12-01299, 2015 U.S. Dist. LEXIS 179972, at *4 (D.N.M. Mar. 31, 2015) (unpublished); *see also Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

court."[9]  The party seeking a stay "must show a clear case of hardship or inequity if even a fair possibility exists that the stay would damage another party."[10]

The Federal Circuit recognizes "that a district court may properly stay proceedings in a patent case pending the [PTO]'s reexamination of a patent."[11]  While there is no prescribed set of factors a court must consider when deciding whether to stay a case pending IPR,[12] courts typically apply a three-factor test:

> (i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set.[13]

Courts recognize a "liberal policy in favor of granting motions to stay proceedings pending the [] outcome" of IPR proceedings.[14]

---

[9] *Seed Rsch. Equip. Sols., LLC. v. Gary W. Clem, Inc.*, No. 09-01282, 2012 U.S. Dist. LEXIS 85074, at *6 (D. Kan. June 20, 2012) (unpublished) (internal quotation marks omitted).

[10] *Creative Consumer Concepts Inc., v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (internal quotation marks omitted); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) ("The suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.").

[11] *ClearPlay v. Dish Network LLC*, No. 2:14-cv-00191, 2021 U.S. Dist. LEXIS 115165, at *3 (D. Utah June 18, 2021) (unpublished); *see also Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).

[12] *See Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016).

[13] *Id.* at 1361.

[14] *Esip Series 1, LLC v. Doterra Int'l, LLC*, No. 2:15-cv-779, 2017 U.S. Dist. LEXIS 225933, at *4 (D. Utah Dec. 5, 2017) (unpublished) (internal quotation marks omitted).

ANALYSIS

Because a stay will simplify this case, the case is in its early stages, and DISH will not be unduly prejudiced, a stay is warranted. Each factor is addressed below.

**I.      A stay will simplify the issues in question and trial of this case.**

A stay pending resolution of the IPR proceedings will simplify the issues in the case and any eventual trial.[15]  In assessing this factor, courts consider "(1) the role of the PTO's expertise in determining claim validity and the assistance such determination will [provide] the [c]ourt in its own analysis and (2) whether claims, arguments and defenses can be narrowed or entirely disposed of."[16]  Cases should be stayed when review by the PTO is likely to simplify issues of validity, eliminate the need to try infringement claims altogether, prevent inconsistent results, further judicial economy, or conserve party and judicial resources.[17]

A stay will simplify the issues in this case because the PTO instituted IPRs as to all asserted claims of four of the six patents at issue in this case, which means it is possible all such asserted claims will be invalidated.  And even if IPR proceedings do

---

[15] *See Murata Mach.*, 830 F.3d at 1361.

[16] *Cellect LLC.\ v. Samsung Elecs. Co.*, No. 19-cv-00438, 2020 U.S. Dist. LEXIS 110041, at *10 (D. Colo. June 23, 2020) (unpublished) (internal quotation marks omitted).

[17] *See Dentsply Sirona, Inc. v. Edge Endo*, LLC, No. 1:17-cv-01041, 2018 U.S. Dist. LEXIS 170877, at *6 (D.N.M. Oct. 3, 2018) (unpublished); *see also Gould*, 705 F.2d at 1342 ("One purpose of the reexamination procedure is to eliminate trial of [the] issue [of validity] . . . or to facilitate trial of [validity] by providing the district court with the expert view of the PTO.").

not result in invalidation, the court will benefit from the PTO's expertise in developing a record and clarifying relevant issues.[18]

DISH argues a stay will not clarify the issues, since the PTO has only instituted IPR proceedings for four of the six patents at issue in this case.[19]  But "[t]here is no rule requiring that a stay only be granted in situations where the IPR includes the potential for resolution of all issues in the case," and "numerous courts have granted a stay under similar circumstances."[20]  Here, where the case may be narrowed if any of the patents are invalidated, all asserted patents in this case are related, and IPR petitions are pending for the two remaining patents, this factor weighs in favor of a stay.

## II. Discovery has not begun and a trial date has not been set.

DISH argues the procedural status of this case weighs against a stay because the proceedings "have reached an advanced stage."[21]  This is incorrect.  Under this factor, courts are to consider "whether discovery is complete and whether a trial date has been set."[22]  Discovery has not even begun in this case.  A scheduling order is not

---

[18] *See, e.g.*, *ClearPlay*, 2021 U.S. Dist. LEXIS 115165, at *5 ("[T]he reexamination proceedings are likely to simplify the issues in this case, by either resulting in the cancellation or amendment of some of these claims or at least providing valuable analysis about any remaining claims.").

[19] (*See* Opp'n 5–7, Doc. No. 90.)

[20] *Esip Series 1*, 2017 U.S. Dist. LEXIS 225933, at *5 (collecting cases where courts granted stays pending IPR proceedings that involved only some of the claims or patents at issue in the case).

[21] (Opp'n 7, Doc. No. 90.)

[22] *Murata Mach.*, 830 F.3d at 1361; *see also Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 770 (E.D. Pa. 2014) ("Staying a case that is in an early stage of litigation advance[s] judicial efficiency and maximize[s] the likelihood that neither the [c]ourt nor the parties expend their assets addressing invalid claims." (internal quotation

5

yet in place, let alone a trial date. DISH argues "the alleged nascency of this case is of [Defendants'] own manufacture," because Defendants "engaged in aggressive pre-answer motion practice to avoid answering the complaint and prevent the setting of a scheduling conference."[23] But Defendants' filing of a motion to dismiss or other motions does not change the fact that this case is *far* from the completion of discovery and setting of a trial date. And there is no indication Defendants are bringing motions for improper purposes as opposed to filing motions to advance their legitimate interests. Particularly where DISH provides no factual basis supporting its assertion that Defendants have engaged in "pervasive" "dilatory tactics"[24] and where this case is young, this factor weighs in favor of a stay.

    **III.    A stay will not unduly prejudice or present a clear tactical disadvantage to DISH.**

In this case, DISH will not suffer undue prejudice or be clearly tactically disadvantaged by a stay.[25] The "delay inherent to the [IPR] process does not constitute, by itself, undue prejudice."[26] Further, a stay is justified "where the movant

---

marks omitted)).

[23] (Opp'n 8, Doc. No. 90.)

[24] (*See id.* at 4, 8, 9.)

[25] *See Murata Mach.*, 830 F.3d at 1361.

[26] *ClearPlay*, 2021 U.S. Dist. LEXIS 115165, at *6–7 (internal quotation marks omitted).

promptly moved for [IPR] and has not used dilatory tactics or demonstrated bad faith."[27] Defendants filed the IPR petitions within two months of the filing of this lawsuit.[28]

DISH first argues the harm it seeks to prevent through its preliminary injunction motion is of the same magnitude regardless of the number of patents infringed, because the inventions claimed in all the patents are all related.[29]  But it is not apparent how a stay would change this.  If, after a stay, DISH succeeds on the merits of an infringement claim, it would still be able to recover damages incurred during the stay.

DISH also argues a stay would cause prejudice because its patents begin to expire next year.[30]  This argument fails for similar reasons:  even if DISH's patents expire, it can still recover for damages incurred before the expiration.  If DISH ultimately succeeds on its infringement claims, a stay will in no way diminish these damages.[31]  And "mere delay in collecting those damages does not constitute undue prejudice."[32]  Finally, a stay neither hastens nor delays the expiration of the patents.  In other words,

---

[27] *Polaris Indus. v. BRP US Inc.*, No. 12-01405, 2012 U.S. Dist. LEXIS 154479, at *5 (D. Minn. Oct. 29, 2012) (unpublished).

[28] (Mot. 10, Doc. No. 79.)

[29] (Opp'n 9, Doc. No. 90.)

[30] (*Id.* at 10.)

[31] *See VirtualAgility Inc v. Salesforce.com*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) ("A stay will not diminish the monetary damages to which [Plaintiff] will be entitled if it succeeds in its infringement suit . . . .").

[32] *Crossroads Sys. v. DOT Hill Sys. Corp.*, No. A-13-CA-800, 2015 U.S. Dist. LEXIS 77526, at *9 (W.D. Tex. June 15, 2015) (unpublished).

DISH has not adequately explained how a stay and the patent expirations connect in a prejudicial way.

Finally, DISH suggests it will be prejudiced because Defendants are moving their assets overseas "to insulate themselves from liability."[33] Notwithstanding the fact that Defendants have already had the opportunity to do this if they intended to (this case was filed nearly a year ago), DISH's argument is conjectural. DISH cites public financial information to argue that Defendants route most of their revenue "through their employee-less shell entities in Cyprus, Luxembourg, Ireland, and elsewhere to insulate themselves from liability."[34] But Defendants have submitted sworn declarations—under penalty of perjury—stating they are "adequately capitalized."[35] Accordingly, the court will not wade into DISH's speculations regarding Defendants' corporate structure or financial position. Because DISH has not shown it will be unduly prejudiced by a stay, this factor weighs in favor of a stay.[36]

## CONCLUSION

Where all factors weigh in favor of a stay, Defendants' motion to stay[37] is granted. All case and briefing deadlines are stayed until fourteen days after the

---

[33] (Opp'n 9–10, Doc. No. 90.)

[34] (*Id.* at 9.)

[35] (*See* Ex. 1 to Mot. for Prelim. Inj., Decl. of Andreas Alkiviades Andreou ¶¶ 12, 15, Doc. No. 40-2.)

[36] Moreover, "any delay that may occur while the [PTO] review is processed is outweighed by the benefits of awaiting [PTO] review." *Intell. Ventures II LLC v. SunTrust Banks, Inc.*, No. 1:13-cv-02454, 2014 U.S. Dist. LEXIS 142295, at *8 (N.D. Ga. Oct. 7, 2014) (unpublished).

[37] (Doc. No. 79.)

conclusion of the four already-ongoing IPR proceedings, at which point the stay will lift automatically without further notice. Defendants are ordered to file a status report within fourteen days of the conclusion of any of the IPR proceedings, indicating how the parties intend to proceed in this litigation. Defendants must also file a status report within fourteen days of the denial of granting of any of the pending IPR petitions.

DATED this 24th day of May, 2024.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge