IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DISH TECHNOLOGIES LLC and SLING TV LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MG PREMIUM LTD; MG BILLING LTD; MG BILLING IRELAND LTD; SONESTA TECHNOLOGIES, s.r.o.; SONESTA MEDIA, s.r.o.; and YELLOW PRODUCTION, s.r.o.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>Case No. 2:23-cv-552-HCN-DAO<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiffs Dish Technologies LLC and Sling TV LLC sue the Defendants, various entities in the "MindGeek" (now "Aylo") group, asserting claims for patent infringement. The Plaintiffs move for a preliminary injunction against Defendants MG Premium Ltd., MG Billing Ltd., and MG Billing Ireland Ltd. The court denies the Plaintiffs' motion.

I.

The Plaintiffs hold a collection of six patents claiming algorithms for streaming video content over the internet. The Defendants provide pornographic content online through both subscription-based and ad-based websites. The Plaintiffs allege that the video players on the Defendants' websites infringe their patents and seek a preliminary injunction barring use of the accused technology during the pendency of this action. *See* Dkt. Nos. 19, 145.

In April 2024, the Patent Trial and Appeal Board instituted *inter partes* review of four of the six patents-in-suit. *See* Dkt. No. 79 at 5–6. Magistrate Judge Oberg then stayed this case pending the Board's review. *See* Dkt. No. 101. This court subsequently lifted the stay to the

1

extent necessary to decide the Plaintiffs' motion for a preliminary injunction and the Defendants' motion to dismiss for lack of personal jurisdiction or transfer. *See* Dkt. No. 113. Although the Plaintiffs initially sought an injunction based on the alleged infringement of all six patents-in-suit, they purported to withdraw the motion with respect to all but the '564 and '772 patents in May 2024 after the institution of *inter partes* review of the other four patents. *See* Dkt. No. 104.[1]

In August 2024, the Defendants filed a notice representing that they had "design[ed] around" the patents-in-suit and that their websites no longer used the accused technology. Dkt. No. 116 at 3. Two weeks later, the Plaintiffs submitted a declaration agreeing this was true for most of the Defendants' websites but alleging the existence of fifteen additional "cam sites" putatively operated by the Defendants that still used the accused technology. *See* Dkt. No. 120 at 2–3. The Defendants maintain that they neither own nor operate these "cam sites." *See* Dkt. No. 128 (Tr. of Sept. 26, 2024 Hr'g) at 39:13–19, 86:15–87:9.

In November 2024, the Board instituted *inter partes* review of both remaining patents-in-suit. *See* Dkt. No. 136. The Defendants in this action are not parties to that proceeding, but they are parties to an *ex parte* petition for review of the same patents that is currently stayed pending the outcome of the *inter partes* review. *See* Dkt. No. 150 (Tr. of July 2, 2025 Hr'g) at 25:3–11. In April 2025, the '564 patent expired. *See id.* at 22:14–22, 24:2–5, 29:5–11.

The court denied the motion to dismiss or transfer in March 2025. *See* Dkt. No. 144. On July 2, 2025, the court heard oral argument on the Plaintiffs' motion for a preliminary injunction. *See* Dkt. Nos. 149–50. At that hearing, the Plaintiffs confirmed that they still seek a preliminary injunction based on the '772 patent. *See* Dkt. No. 150 at 22:11–22, 24:17–21. The parties also

---

[1] At the same time, the Plaintiffs also purported to withdraw the motion with respect to the "Production Defendants"—that is, the Defendants other than MG Premium Ltd., MG Billing Ltd., and MG Billing Ireland Ltd. *Id.* at 2.

agreed at the hearing that neither the core websites nor the fifteen "cam sites" are currently using the accused technology. *See id.* at 37:14–38:23.

## II.

The Plaintiffs' request for a preliminary injunction is governed by Federal Circuit precedent because they seek to enjoin "the violation of [a] right secured by a patent." *Hybritech Inc. v. Abbott Lab'ys*, 849 F.2d 1446, 1451 n.12 (Fed. Cir. 1988) (discussing 35 U.S.C. § 283). To "obtain a preliminary injunction" under that court's precedent, a plaintiff must show "that (1) it is 'likely to succeed on the merits,' (2) it is 'likely to suffer irreparable harm in the absence of preliminary relief,' (3) the 'balance of equities tips in its favor,' and (4) 'an injunction is in the public interest.'" *BlephEx, LLC v. Myco Indus., Inc.*, 24 F.4th 1391, 1398 (Fed. Cir. 2022) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)) (cleaned up).

A plaintiff "cannot be granted a preliminary injunction unless it establishes *both* of the first two factors, *i.e.*, likelihood of success on the merits and irreparable harm." *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001). Further, because "a preliminary injunction is a drastic and extraordinary remedy," *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993), it may issue only "upon a clear showing that the plaintiff is entitled to such relief," *Winter*, 555 U.S. at 22. The court concludes that the Plaintiffs have failed to make such a showing here.

## A.

The Plaintiffs contend that the Defendants' video streaming activities infringe the '772 patent. To show a likelihood of success on the merits of this claim, the Plaintiffs must establish that (1) they "will likely prove that" the Defendants' streaming activities infringe the '772 patent and (2) the Defendants' arguments that the '772 patent is invalid lack "substantial merit."

*Amazon.com*, 239 F.3d at 1350–51 (quoting *Genentech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361, 1364 (Fed. Cir. 1997)). As the Federal Circuit has explained, although "a patentee need not establish the validity of a patent beyond question," "[w]hen moving for the extraordinary relief of a preliminary injunction," the "patentee must . . . present a clear case supporting the validity of the patent." *Id.* at 1359. And "if the trial court concludes there is a 'substantial question' concerning the validity of the patent"—*i.e.*, if "the alleged infringer has presented an invalidity defense that the patentee has not shown lacks substantial merit"—"it necessarily follows that the patentee has not succeeded in showing that it is likely to succeed . . . on the merits." *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1379 (Fed. Cir. 2009) (quoting *New England Braiding Co. v. A.W. Chesterton Co.*, 970 F.2d 878, 883 (Fed. Cir. 1992)). The court concludes that the Plaintiffs have failed to satisfy this requirement.

A district court deciding a motion for a preliminary injunction "should consider the current posture of the inter partes reexamination proceedings . . . when evaluating [the] likelihood of success on the merits." *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 847 (Fed. Cir. 2008). In the court's view, the institution of *inter partes* review is *prima facie* evidence that there *is* "substantial merit" to the Defendants' arguments that the '772 patent is invalid. *See Murata Machinery USA, Inc. v. Daifuku Co., Ltd.*, 2016 WL 4287040, at *2 (D. Utah Aug. 15, 2016). After all, the Board may not institute such review absent a determination "that the information presented in the petition . . . shows that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a).

The Plaintiffs' own behavior comports with this view. After the Board instituted *inter partes* review of four of the other patents-in-suit, the Plaintiffs withdrew their request for a

4

preliminary injunction with respect to those patents. *See* Dkt. No. 104 at 2. To be sure, at the most recent hearing the Plaintiffs asserted that this decision reflected only the then-impending expiration of those patents. *See* Dkt. No. 150 at 23:12–14, 29:5–11. But this *post hoc* litigation position is inconsistent with the contemporaneous explanation offered by the Plaintiffs in their notice of withdrawal. There, the Plaintiffs invoked the Board's institution of *inter parties* review and expressed the desire to avoid "delaying oral argument" as a result of that development. Dkt. No. 104 at 2. The Plaintiffs' *post hoc* litigation position is further undermined by the fact that the Plaintiffs did not at that time withdraw their request for a preliminary injunction with respect to the '564 patent, even though that patent shared a late April 2025 expiration date with the four patents-in-suit as to which the Plaintiffs withdrew their request. *See* Dkt. No. 150 at 29:5–11.

      To be clear, the court does not suggest that an infringement plaintiff may never receive a preliminary injunction while *inter partes* review is pending. But the Board's institution of *inter partes* review and its expressed reasons for doing so are surely factors a district court must consider in assessing the likelihood of success on the merits. *Cf. Procter*, 549 F.3d at 847–48. And where the court finds the Board's reasoning in the institution decision persuasive, a plaintiff will face an uphill battle to make the "clear showing" required to obtain the "drastic and extraordinary remedy" of a preliminary injunction.

      Here, the Board concluded not only that the petitioners had "established a reasonable likelihood of prevailing in [their] challenge to at least one claim of the '772 patent," but also that they had established a reasonable likelihood of prevailing on their central contention that "the subject matter of each of claims 1–21"—that is, *all* of the '772 patent claims—"would have been obvious over [the] Leaning [reference]." Dkt. No. 136-1 at 24, 36. The court finds the Board's reasoning persuasive on its face, and the Plaintiffs have failed to convince the court that the

5

Defendants' challenge to the validity of the '772 patent lacks substantial merit given the apparent strength of the Leaning reference.

**B.**

The court also concludes that the Plaintiffs have not made "a clear showing," *Winter*, 555 U.S. at 22, that they are "likely to suffer irreparable harm if [an] injunction is not granted," *Natera, Inc. v. NeoGenomics Lab'ys, Inc.*, 106 F.4th 1369, 1378 (Fed. Cir. 2024). The Plaintiffs argue that they suffer injury each time the Defendants infringe the '772 patent and that this injury is irreparable because the Defendants are unlikely to satisfy a final money judgment. *See* Dkt. No. 19 at 26–29; Dkt. No. 150 at 34:7–17. But it is now uncontested that none of the sites that the Plaintiffs have identified and alleged to be affiliated with the Defendants continues to use the accused technology. *See* Dkt. No. 120 at 2–3; Dkt. No. 150 at 38:16–23. Because the Plaintiffs are unable to identify any current infringement, they cannot show they are suffering any continuing injury at this time that a preliminary injunction would prevent. And whatever infringement may have occurred before, "the purpose of a preliminary injunction is 'not to remedy past harm.'" *Crumbl LLC v. Dirty Dough LLC*, 2023 WL 5180370, at *8 (D. Utah Aug. 11, 2023) (quoting *Schrier v. University of Colorado*, 427 F.3d 1253, 1267 (10th Cir. 2005)).

Nor have the Plaintiffs clearly shown that they will likely suffer future injury absent an injunction. To be sure, they argue that the Defendants might resume their use of the accused technology if the court now denies their motion. But at least in the interim context of a request for preliminary injunctive relief, "[a] finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store." *Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151, 162 (1st Cir. 2004).

6

The court is not persuaded that the Second Circuit's decision in *General Electric Co. v. New England Electric Mfg. Co.* supports a different conclusion here. *See* 128 F. 738, 740 (2nd Cir. 1904). Even assuming that six-score-old case is more than a relic from a different jurisprudential era, the Plaintiffs acknowledge that the court in that case addressed *permanent* injunctions, *see* Dkt. No. 150 at 39:18–24, a type of remedy that issues only after a final determination that the plaintiff has succeeded on the merits and at the point in time when the court would otherwise relinquish jurisdiction over the action. And the requirements for such *final* injunctive relief are in at least some respects more forgiving than the prerequisites for the "drastic and extraordinary remedy" of *preliminary* injunctive relief. For example, the parties to a case may stipulate to a permanent injunction without stipulating that the plaintiff will suffer irreparable injury absent such relief. *See Local No. 93, Intern. Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525 (1986) (holding that "a federal court is not necessarily barred from entering a consent decree merely because the decree provides broader relief than the court could have awarded at trial"); *Metropolitan Hous. Dev. Corp. v. Village of Arlington Heights*, 616 F.2d 1006, 1014–15 (7th Cir. 1980) (enumerating the findings that must be made prior to the entry of a consent decree). By contrast, at least after the Supreme Court's decision in *Winter*, the parties to a case probably may not stipulate to the entry of a preliminary injunction unless they also stipulate to each requirement for the issuance of such relief, including irreparable injury. *See, e.g.*, *Arborjet, Inc. v. Rainbow Treecare Sci. Advancements, Inc.*, 794 F.3d 168, 172–173 (1st Cir. 2015) (Souter, J.); *Coalition to Def. Affirmative Action v. Granholm*, 473 F.3d 237, 244 (2006) (Sutton, J.).[2]

---

[2] Because the court concludes that the Plaintiffs have not shown it likely that they will either succeed on the merits or suffer irreparable injury absent an injunction—both of which must be shown to obtain a preliminary injunction—the court does not consider whether the

\*     \*     \*

For the foregoing reasons, Docket Number 19, Plaintiffs' Motion for a Preliminary Injunction is **DENIED WITHOUT PREJUDICE**. If the '772 patent survives *inter partes* review and the Defendants resume or threaten to resume use of the accused technology, the Plaintiffs may file a renewed motion for a preliminary injunction. In light of the court's disposition of the Plaintiffs' motion, Docket Number 66, Defendants' Motion for Leave to File Sur-Reply to Plaintiffs' Motion for a Preliminary Injunction is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated this 23rd day of July, 2025.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

---

balance of equities tilts in the Plaintiffs' favor or whether the proposed injunction would be in the public interest. *Cf. Amazon.com*, 239 F.3d at 1366 (declining to reach the latter three *Winter* factors after concluding that a defendant had "raised substantial questions as to the validity of the [patent-in-suit]").